

**FILED**
**May 2, 2018**
**8:50 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Michael Jackson | ) | Docket No. 2016-08-0937 |
| | ) | |
| v. | ) | |
| | ) | State File No. 74022-2015 |
| Transwood, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Amber E. Luttrell, Judge | ) | |

---

### Affirmed and Certified as Final – Filed May 2, 2018

---

The employee suffered a compensable injury to his low back and received authorized medical treatment for that condition. Following the initial medical treatment for his low back, the employee alleged injuries to his neck, left shoulder, and legs arising from the same work accident, which the employer denied. The employee filed a request for expedited hearing, but, finding no justiciable issues, the trial court declined to schedule an expedited hearing. Thereafter, the employer filed a motion for partial summary judgment, which the trial court granted with respect to any claim for permanent disability benefits. The employee did not appeal that order. Following a compensation hearing, the trial court denied the employee's claim for medical benefits arising from the alleged injuries to his neck, left shoulder, or legs, and the employee appealed. We affirm the trial court's determination and certify the compensation hearing order as final.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

Michael Jackson, Memphis, Tennessee, employee-appellant, pro se

William A. Hampton, Germantown, Tennessee, for the employer-appellee, Transwood

### Factual and Procedural Background

Michael Jackson ("Employee"), a resident of Shelby County, Tennessee, worked for Transwood ("Employer"), a transportation service company with a terminal in Memphis. Employee alleged that on September 10, 2015, he was hitting a railcar with a sledge hammer, as instructed by his supervisor, when he felt a stinging pain in his entire

body. After leaving work, he felt what he described as muscle spasms. He worked another two days but continued to experience symptoms. He then requested medical treatment from Employer and, on September 14, 2015, he was seen at Concentra Medical Centers ("Concentra"), where he complained of low back pain as a result of "lifting and swinging a sledge hammer at work." He was diagnosed with a lumbar strain and prescribed medications and physical therapy. Employee returned to Concentra two days later with complaints of worsening symptoms. He reported that physical therapy was not helping his symptoms. At that visit, Employee was referred to an orthopedic specialist.

On October 23, 2015, Employee was seen by Dr. Stephen Waggoner at Memphis Orthopedic Group. Employee reported that he "injured his back [on] 9/10/2015 when he was hitting a rail car with a sledgehammer." He complained of pain in his lower back with "some pain radiating into both legs." Dr. Waggoner ordered lumbar x-rays and an MRI and prescribed medication. He also released Employee to return to work with restrictions. On October 30, 2015, Dr. Waggoner noted that Employee had not undergone the MRI and that "he does not think he needs it right now." Dr. Waggoner diagnosed a lumbar strain and released Employee to return to regular duty as of that date.

Employee returned to Dr. Waggoner on November 20, 2015, at which time he complained of ongoing low back pain. Dr. Waggoner reordered the MRI and limited Employee to lifting no greater than twenty pounds until a follow-up visit. An MRI was completed on January 14, 2016, and, after reviewing the films, Dr. Waggoner noted evidence of degenerative disc disease in the lumbar spine, but no evidence of fracture, disc herniation, or nerve root impingement. He again released Employee to return to work without restrictions as of that date. On January 18, 2016, Dr. Waggoner completed a "Final Medical Report" (Form C-30A), on which he indicated that Employee had reached maximum medical improvement as of January 14, 2016 and retained no permanent medical impairment. No other medical records were admitted into evidence.

Thereafter, Employee filed a petition for benefit determination. Following unsuccessful mediation efforts and the issuance of a dispute certification notice, Employee filed a request for expedited hearing, alleging he was entitled to a settlement of his case. Finding there was no justiciable issue in dispute at that time, the trial court declined to schedule an expedited hearing, but instead conducted a scheduling hearing and set discovery deadlines and a trial date. Following several discovery disputes and continuances, Employer filed a motion for summary judgment, alleging Employee had come forward with no evidence of permanent disability arising primarily from the work accident. Employee did not respond to this motion, and the trial court granted the motion in part, concluding Employer was entitled to judgment as a matter of law with respect to Employee's claim for permanent disability benefits. The trial court then conducted a compensation hearing to address Employee's remaining claim that he was entitled to medical benefits for alleged injuries to his neck, left shoulder, and legs. Following the compensation hearing, the trial court noted Employer accepted the compensability of

Employee's low back injury and was obligated to provide reasonable and necessary future medical benefits causally related to his low back injury. However, the trial court denied Employee's remaining claims. Employee has appealed.

## Standard of Review

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2017). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2017).

## Analysis

Tennessee Code Annotated section 50-6-239(c)(6) provides that "the employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence." A compensable injury is "an injury by accident . . . arising primarily out of and in the course and scope of employment, that causes . . . disablement or the need for medical treatment." Tenn. Code Ann. § 50-6-102(14) (2017). Therefore, at the compensation hearing, Employee had the burden of proving, by a preponderance of the evidence, his alleged neck, left shoulder, and leg injuries arose primarily out of the September 10, 2015 work accident.

An injury arises primarily out of and in the course and scope of employment "only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes." Tenn. Code Ann. § 50-6-102(14)(B). Further, "[a]n injury causes death, disablement or the need for medical treatment only if it has been shown to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the death, disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(14)(C). Moreover, "'[s]hown to a reasonable degree of medical certainty' means

3

that, in the opinion of the physician, it is more likely than not considering all causes, as opposed to speculation or possibility." Tenn. Code Ann. § 50-6-102(14)(D).

During the course of the compensation hearing, Employee came forward with no evidence that the alleged injuries to his neck, left shoulder, and legs arose primarily out of the September 10, 2015 work accident. Aside from describing radiating pain into his legs after the work accident, he did not testify that his neck or left shoulder symptoms were triggered or worsened by his work activities, or that any specific work incident caused an injury to either leg. Finally, he offered no expert medical proof that any alleged injuries to his neck, left shoulder, or legs arose primarily from the work accident. In short, Employee did not meet his burden of proving compensable injuries to his neck, left shoulder, or legs by a preponderance of the evidence.[1]

We note that Employee was self-represented throughout the course of the litigation and that he informed the trial court of his limitations in reading and writing. Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). With regard to self-represented litigants, the Tennessee Court of Appeals has noted that "[p]ro se litigants who invoke the complex and sometimes technical procedures of the courts assume a very heavy burden." *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). As the Court of Appeals has further explained:

> The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. . . . Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries.

*Hessmer v. Hessmer*, 138 S.W.3d 901, 903-04 (Tenn. Ct. App. 2003) (citations omitted). Thus, Employee was obligated to prove his case whether or not he was represented by counsel.

The trial court concluded Employee had failed to present any expert medical opinion that his neck, left shoulder, or leg complaints arose primarily out of the September 10, 2015 work accident. Employee has not alleged on appeal that the trial court erred in its evaluation of expert medical proof or that any other evidence introduced

---

[1] In so holding, we do not intend to suggest that Employee is entitled to no future medical benefits related to any symptoms in his legs, provided such symptoms are causally-related to Employee's compensable low back condition.

at trial supported his claim for benefits related to his neck, left shoulder, or legs. Indeed, Employee has not filed a brief, cited any authority, or made any meaningful argument on appeal with regard to how he believes the trial court erred. As stated by the Tennessee Supreme Court, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). Therefore, we affirm the trial court's determination on this issue.

## Conclusion

In light of the foregoing, the trial court's decision is affirmed and the compensation hearing order is certified as final.